**Vadim Vladimirovich BOLSHOV, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03-70382.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Vadim Vladimirovich Bolshov, a native of Russia and a citizen of the Ukraine,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence, *Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000), and we deny the petition.

Bolshov testified that he was briefly detained by police because he complained about corruption, and that he quit his job after he experienced harassment by his government employer.

Substantial evidence supports the IJ's conclusion that Bolshov did not establish past persecution or a well-founded fear of future persecution. The harassment Bolshov experienced does not rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (holding that employment discrimination "is not the type of economic deprivation that rises to the level of persecution"); *Baballah v. Ashcroft,* 367 F.3d 1067, 1075 (9th Cir. 2004) (requiring a probability of a "deliberate imposition of substantial economic disadvantage ...."). Similarly, Bolshov's brief detention does not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (holding that brief detention and beating did not constitute persecution). Finally, Bolshov was not subject to physical violence or specific threats of serious harm. *See Singh v. INS,* 134 F.3d 962, 969 (9th Cir.1998). Accordingly, Bolshov was not eligible for asylum.

It follows that Bolshov did not satisfy the more stringent standard for withholding of deportation. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 901 (9th Cir.2004) (order), Bolshov's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**